LISA L. OBERG (SBN 120139)
Lisa.Oberg@dentons.com
JENNIFER J. LEE (SBN 203774)
Jennifer.Lee@dentons.com
DENTONS US LLP
One Market Plaza
Spear Tower, 24th Floor
San Francisco, California 94105
Telephone: (415) 267-4000
Facsimile: (415) 267-4198

NEIL LLOYD (SBN 317457)
nlloyd@schiffhardin.com
SCHIFF HARDIN
233 S. Wacker Drive, Suite 7100
Chicago, IL 60606
Telephone: (312) 258-5500
Facsimile: (312) 258-5600

Attorneys for Defendant
CERTAINTEED CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELA D. ESPINOSA, individually and as successor in interest to EDWARD M. ESPINOSA; CHRISTOPHER M. ESPINOSA; TRISTA HAGGARD; and PATRICIA L. FONSETH,<br><br>Plaintiffs,<br><br>v.<br><br>CERTAINTEED CORPORATION, individually and as successor-in-interest, parent, alter ego and equitable trustee of WATER WORKS SUPPLY COMPANY, INC., and KEASBEY & MATTISON COMPANY,<br><br>SULLY-MILLER CONTRACTING COMPANY, individually and as successor-in-interest, parent, alter ego | CASE NO. 4:18-cv-1833<br><br>**DEFENDANT CERTAINTEED CORPORATION'S NOTICE OF REMOVAL** |

DENTONS US LLP
ONE MARKET PLAZA, SPEAR TOWER, 24TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105
(415) 267-4000

and equitable trustee of SULLY-MILLER CONTRACTING COMPANY;

KEENAN PROPERTIES, INC.;

THE REPUBLIC SUPPLY COMPANY OF CALIFORNIA;

ALLIED FLUID PRODUCTS CORP., formerly known as ALLIED PACKING & SUPPLY, INC.; and

FIRST DOE through FIFTIETH DOE,

Defendants.

**TO THE JUDGES AND CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA.**

PLEASE TAKE NOTICE that Defendant CertainTeed Corporation ("Defendant") hereby seeks removal of Civil Action RG18893674 from the Superior Court of the State of California, County of Alameda, to the United States District Court for the Northern District of California.

The removal is based on 28 U.S.C. §§ 1332(a)(1), 1441(a) and 1446(b)(1), and specifically on the following grounds:

### SUMMARY OF FACTS

More than 25 years ago, the United States Supreme Court stated that "forum manipulation concerns are legitimate and serious" and made clear that district court's "can consider whether the plaintiff has engaged in any manipulative tactics" when determining whether it has jurisdiction. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 356-57 & n.12 (1988). Defendants Sully-Miller Contracting Company, Keenan Properties, Inc., Republic Supply Company, and Allied Fluid Products are all California citizens under 28 U.S.C. § 1332(c)(1) (the "California defendants"). None was properly joined and with their citizenship disregarded, there is complete diversity between the four plaintiffs (three of whom are citizens of North Carolina

and one of whom is a citizen of California) and CertainTeed (a citizen of Delaware and Pennsylvania). There is also more than $75,000 in controversy, exclusive of interest and costs. The Court accordingly has jurisdiction under Section 1332(a)(1).

In December 2015, Angela and Edward Espinosa sued more than a dozen defendants, including CertainTeed and Keenan, in state court in Alameda County, alleging that Mr. Espinosa had asbestos-related mesothelioma, that the defendants' conduct was a substantial factor increasing Mr. Espinosa's risk of developing mesothelioma, and as a result of his disease, he and Mrs. Espinosa had suffered damages. *See Espinosa, et al. v. CertainTeed Corp., et al.*, No. RG15797638 (Cal. Sup. Ct. Alameda Cty.) ("*Espinosa I*"), Original Complaint [Exhibit 1 to Declaration of Neil Lloyd ("Lloyd Decl.")]. The first amended complaint in *Espinosa I* added Sully-Miller and Republic as defendants. *See Espinosa I* First Amended Complaint. [Exhibit 2 to Lloyd Decl.] Allied was not a defendant in *Espinosa I*.

During discovery in *Espinosa I*, Mr. Espinosa and his cousin and co-worker Raymond Melgoza were deposed. Both testified that they worked during the 1970s at C.R. Fedrick, a pipe-laying contractor, and both recognized CertainTeed and Johns-Manville as manufacturers of asbestos-cement pipe used on projects for Fedrick on the California aqueduct. *See* Deposition of Edward Espinosa, taken 8/22/16, pgs. 53:17-24 [Exhibit 3 to Lloyd Decl.]; *see also* Deposition of Raymond Melgoza, taken 11/16/16, pgs. 29:6-10 [Exhibit 4 to Lloyd Decl.]. They reiterated this testimony at trial. *See* Reporter's Transcript dated 1/18/17 (trial testimony of Edward Espinosa), pgs. 176:24-177:9. [Exhibit 5 to Lloyd Decl.]; *see also* Reporter's Transcript dated 2/1/17 (trial testimony of Raymond Melgoza), pgs. 88:15-22 [Exhibit 6 to Lloyd Decl.]. Neither could recall any other supplier of pipe or other products to the Fedrick projects. *See* Deposition of Edward Espinosa, taken 8/25/16, pgs. 514:5-8 [Exhibit 3 to Lloyd Decl.]; *see also* Deposition of Raymond Melgoza, taken 11/16/16, pgs. 45:20-25 [Exhibit 4 to Lloyd Decl.].

DENTONS US LLP
ONE MARKET PLAZA, SPEAR TOWER, 24TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105
(415) 267-4000

On August 24, 2016, during Mr. Espinosa's deposition, his counsel and Republic's counsel stipulated to the dismissal of Republic: "plaintiffs have agreed to dismiss without prejudice Republic Supply in exchange for a mutual waiver of costs." *See* Deposition of Edward Espinosa, taken 8/24/16, pgs. 361:10-16 [Exhibit 3 to Lloyd Decl.]; On August 25, 2016, during Mr. Espinosa's deposition, his counsel stipulated that "Mr. Espinosa will not have product identification testimony" with respect to several defendants, including Keenan and Sully-Miller. *See* Deposition of Edward Espinosa, taken 8/25/16, pgs. 409:6-20 [Exhibit 3 to Lloyd Decl.] The *Espinosa I* plaintiffs did not identify Allied as a potentially responsible party — neither in discovery responses nor in deposition or trial testimony — even though they had every incentive to do so. Further, aside from Mr. Espinosa and Mr. Melgoza, the only other fact witness identified by Plaintiffs was Mr. Espinosa's father, Benjamin Espinosa, who Plaintiffs ultimately withdrew. During pretrial proceedings in Espinosa I and during opening statements on January 3, 2017, the plaintiffs disclosed that Benjamin Espinosa had Alzheimer's, that the disease had progressed, and that he would be unable to offer any testimony. See Reporter's Transcript dated 1/3/17 (Opening Statements), pgs. 52:17-53:1[Exhibit 7 to Lloyd Decl.] ; see also Parties' Stipulation re Benjamin Espinosa [Exhibit 8 to Lloyd Decl.]. He was neither deposed nor testified at trial in *Espinosa I*.

Trial began in *Espinosa I* in December 2016 and lasted three months. *See* Alameda County Superior Court Case No. RG15797638 Register of Actions [Exhibit 9 to Lloyd Decl.]. Both Mr. Espinosa and Mr. Melgoza testified. *See generally* Exhibits 5 and 6 to Lloyd Decl. Four defendants participated in jury selection, three opened, two closed, and one — CertainTeed — was left when the verdict came in on March 8, 2017. (The other defendant at closing, Union Carbide Corporation, entered into a high-low settlement agreement with the *Espinosa I* plaintiffs after the jury retired to deliberate, but before it returned its verdict; this settlement resolved any future wrongful death case.). When the jury returned its

- 4 -

CASE NO.
106917320\V-1

CERTAINTEED CORPORATION'S NOTICE OF REMOVAL

verdict, there was complete diversity between Mr. and Mrs. Espinosa (both citizens of North Carolina) on the one hand and CertainTeed (a citizen of Delaware and Pennsylvania) on the other hand. But by that time, more than a year had passed since *Espinosa I* was filed.

The jury returned a verdict in favor of the plaintiffs in *Espinosa I*, awarding $860,000 in non-economic damages. It rejected the plaintiffs' claims against CertainTeed for battery, intentional misrepresentation, and intentional concealment, and additionally held that CertainTeed had not acted with malice, fraud, or oppression (the predicate necessary to award punitive damages). The jury allocated CertainTeed 25% responsibility. None of the California defendants was on the verdict form for purposes of allocating fault under California Proposition 51. *See* Jury Verdict, Alameda Superior Court Case No. RG15797638 [Exhibit 10 to Lloyd Decl.] CertainTeed satisfied the judgment. *See Angela Espinosa, et al. v. CertainTeed Corp., et al.*, No. RG18893674 (Cal. Sup. Ct. Alameda Cty.) [Exhibit 11 to Lloyd Decl.]; *see also* Exhibit 9 to Lloyd Decl.

Mr. Espinosa died in April 2017. Several months later, Angela Espinosa, Christopher Espinosa, Trista Haggard and Patricia L. Fonseth ("Plaintiffs") sued CertainTeed for compensatory damages and the California defendants for compensatory and punitive damages in California state court for the Mr. Espinosa's wrongful death. In California, a wrongful death action is derivative. And this means that had Plaintiffs sued just CertainTeed, CertainTeed would have been precluded from contesting liability or its 25% share. And had Plaintiffs sued only CertainTeed, there would be complete diversity between the parties in this Court.

The case still does properly belong here because none of the California defendants was properly joined. The plaintiffs in *Espinosa I* — for two separate reasons — had every incentive to sue any defendant against whom they had a colorable claim.

*First*, *Espinosa I* was a serious case factually:

- Mr. Espinosa and Mr. Melgoza credibly testified that Mr. Espinosa worked with asbestos products. *See* Deposition of Edward Espinosa, taken 8/22/16, pgs. 53:17-24 [Exhibit 3 to Lloyd Decl.]; *see also* Deposition of Raymond Melgoza, taken 11/16/16, pgs. 29:6-10 [Exhibit 4 to Lloyd Decl.]. They reiterated this testimony at trial. *See* Reporter's Transcript dated 1/18/17 (trial testimony of Edward Espinosa), pgs. 176:24-177:9. [Exhibit 5 to Lloyd Decl.]; *see also* Reporter's Transcript dated 2/1/17 (trial testimony of Raymond Melgoza), pgs. 88:15-22 [Exhibit 6 to Lloyd Decl.].
- Mr. Espinosa had mesothelioma (there was no evidence of a non-asbestos related cause (e.g., the BAP1 mutation)).
- CertainTeed's defense at trial was not that Mr. Espinosa did not have asbestos-related mesothelioma; it was that Mr. Espinosa was not exposed to any CertainTeed asbestos-containing product, and that CertainTeed did not breach any duty to him.
- The jury awarded nearly $1 million in non-economic damages for pain and suffering and loss of consortium.

Accordingly, if there was a viable defendant, then there would have been the opportunity for the *Espinosa* plaintiffs to obtain either a settlement or a verdict. There would have been no reason to leave money on the table, particularly since Mr. Espinosa's own pain and suffering damages would abate at his death.

*Second*, if the plaintiffs did obtain a favorable verdict, they could short-circuit the anticipated, inevitable wrongful death case (mesothelioma is presently incurable) by invoking issue preclusion.

And indeed, the evidence is that the *Espinosa I* plaintiffs *did* sue every defendant for whom they apparently had a good faith basis. Those defendants included three of the four California defendants here (Keenan, Sully-Miller, and Republic). And when the evidence was developed during discovery in *Espinosa I*,

the *Espinosa I* plaintiffs dismissed those defendants because they had *no evidence*. The unassailable inference is that Plaintiffs here will have no evidence against Keenan, Sully-Miller, or Republic. As to California defendant Allied, it was not even named in *Espinosa I* — during a time when Mr. Espinosa was alive and able to testify. There is no secret why: the *Espinosa I* plaintiffs had no evidence against Allied; indeed, they named three of the California defendants against whom it later was clear they had no evidence. Allied didn't show up at all: not in any discovery responses or in any deposition testimony. Mr. Espinosa and Mr. Melgoza testified that they had no recollection of any supplier of pipe or any other product to Fedrick, other than CertainTeed and Johns-Manville. *See* Deposition of Edward Espinosa, taken 8/25/16, pgs. 514:5-8 [Exhibit 3 to Lloyd Decl.]; *see also* Deposition of Raymond Melgoza, taken 11/16/16, pgs. 45:20-25 [Exhibit 4 to Lloyd Decl.].

None of these facts appears in the wrongful death complaint. It is apparent that Plaintiffs have named the California defendants solely to deprive CertainTeed of its right to litigate this wrongful death case in federal court. And there is no question that had this case remained in state court, none of the four California defendants would be in the case a year after the wrongful death case was filed. Here's why:

It is not unusual to have a wrongful death case filed following a personal injury case. What is unusual, though, is to name new, non-diverse defendants in the wrongful death case. It has happened, before, however, with the same attorneys representing the plaintiffs here. In *Gordon Bankhead, et al. v. ArvinMeritor, Inc., et al.*, the Kazan firm, on behalf of the plaintiffs obtained a personal injury verdict against several defendants, including Abex (assigned a 30% share). *See* Jury Verdict, Alameda Superior Court Case No. RG10502243 [Exhibit 11 to Lloyd Decl.] Following the personal injury plaintiff's death, the survivors brought a wrongful death action. Here, as there, they named *California*-based defendants not named in the original complaint. *See Complaint filed in Emily Bankhead, et al. v.*

*ArvinMeritor, Inc., et al.*, No. RG12632899 (Cal. Sup. Ct. Alameda Cty.) [Exhibit 12 to Lloyd Decl.].

The last of those California-based defendants was dismissed more than a year after *Bankhead II* was filed.  *See* Alameda County Superior Court Case No. RG12632899 Register of Actions [Exhibit 13 to Lloyd Decl.].  Abex was the only defendant left at trial.  At the time of trial, there was complete diversity between Abex and the plaintiffs, but the one-year period had passed.

Before the one-year period had lapsed, the *Bankhead II* plaintiffs filed both a motion for summary adjudication and motion in limine, seeking to bar Abex from relitigating its liability or 30% allocated share, even though the plaintiffs had added new defendants not on the personal injury verdict form.  *See* Plaintiffs' Memorandum of Points and Authorities in Support of Motion for Summary Adjudication [Exhibit 14 to Lloyd Decl.] and Motion in Limine to Exclude Evidence Pertaining to Penumo Abex LLC's 30 Percent Liability for Plaintiffs' Harm Arising from Gordon Bankhead's Wrongful Death [Exhibit 15 to Lloyd Decl.], filed in Alameda Superior Court Case No. RG12632899. We can anticipate that Plaintiffs will do the same thing here:  Plaintiffs will contend that CertainTeed is liable for Mr. Espinosa's death and is 25% responsible, even though the California defendants were not present at trial in *Espinosa I*.

That legal theory is incoherent — Plaintiffs are entitled to invoke issue preclusion *only* if the lawsuit involves the same defendants.  If there are new defendants, it is a new lawsuit.  In that instance, CertainTeed would be permitted to develop evidence concerning Mr. Espinosa's exposures and the share of responsibility that every potentially responsible party should face, including the California defendants.  Indeed, CertainTeed would be entitled to again show that it was not responsible at all.  *Unless,* that is, CertainTeed is the only defendant.

The very incoherence of the *Bankhead II* theory bolsters the insight that the Court should appropriately draw from the lack of any evidence developed against

the California defendants in *Espinosa I*. Logically, strategically, and rationally, there is no reason that Plaintiffs will want to re-litigate CertainTeed's liability and share. CertainTeed had a strong defense case. The jury rejected the *Espinosa I* plaintiffs' claim for punitive damages and their battery, intentional concealment, and intentional misrepresentation theories.

If Plaintiffs were to keep the California defendants in the case, then they would risk the very issue preclusion benefit inherent in a wrongful death claim. In *Bankhead II*, the plaintiffs ultimately did not take that risk. Abex was the only defendant remaining at trial. At that point, both sides agreed that the prior liability finding and 30% share were appropriately ported over to the wrongful death case. At that point, however, the plaintiffs had succeeded in preventing Abex from litigating the case in federal court.

Alone or in combination, the lack of any evidence against the California defendants (indeed, as to three defendants, the *dismissal* of those defendants in *Espinosa I* and as to the other, not even a mention) and the nature of the predicates for issue preclusion in a wrongful death case in California (the defendants must be the same) mean that the only true defendant in this case is CertainTeed. That will undoubtedly be true after February 22, 2019. And it is true today.

Accordingly, the court should disregard the joinder of the California defendants as improper. So disregarded, there is complete diversity. The amount in controversy exceeds $75,000. The Court has jurisdiction under Section 1332(a)(1).

**TIMELINESS OF REMOVAL**

CertainTeed was served on February 22, 2018. Removal is timely if filed on or before March 26, 2018 (within 30 days of service; the thirtieth day is Saturday, March 24, 2018, so the deadline is extended to the next Monday, March 26, 2018). This removal is accordingly timely because it was filed on March 23, 2018.

**VENUE IS PROPER**

CASE NO.
106917320\V-1

- 9 -  CERTAINTEED CORPORATION'S NOTICE OF REMOVAL

Removal is proper to the federal district court and division embracing the place where the action is pending. 28 U.S.C. § 1441(a). Before removal, the action was pending in the Alameda County Superior Court. The United States District Court for the Northern District of California embraces Alameda County. Venue is accordingly proper in this Court.

## JURISDICTION

CertainTeed invokes 28 U.S.C. § 1332(a)(1), diversity of citizenship. There is complete diversity of citizenship between Plaintiffs and CertainTeed. The four other defendants were improperly joined and their citizen should be disregarded.

### A.  Amount in Controversy

The amount in controversy exceeds $75,000, exclusive of interests and costs. In *Espinosa I*, the jury returned a verdict of $860,000 in personal injury damages to Edward and Angela Espinosa. There is no reasonable basis to suppose that Plaintiffs will seek less than $75,000 in light of the *Espinosa I* verdict. Should Plaintiffs file a binding stipulation that they will seek no more than $75,000 in damages, exclusive of interests and costs, then CertainTeed will stipulate to a remand of this case to state court.

### B.  Citizenship

Defendant Sully-Miller Contracting Company is a California corporation with its principal place of business in California. It should be disregarded for purposes of diversity analysis for the reasons stated above.

Defendant Keenan Properties, Inc. is a California corporation with its principal place of business in California. It should be disregarded for purposes of diversity analysis for the reasons stated above.

Defendant Republic Supply of California is a California corporation with its principal place of business in California. It should be disregarded for purposes of diversity analysis for the reasons stated above.

Defendant Allied Fluid Products Corp., fka Allied Packing & Supply, Inc. is a California corporation with its principal place of business in California.  It should be disregarded for purposes of diversity analysis for the reasons stated above.

Defendant CertainTeed Corporation is a Delaware Corporation with its principal place of business in Pennsylvania.

Plaintiff Angela Espinosa is a citizen of North Carolina.

Plaintiff Christopher Espinosa is a citizen of North Carolina.

Plaintiff Trista Haggard is a citizen of California.

Plaintiff Patricia L. Fonseth is a citizen of North Carolina.  Ms. Fonseth was added as an additional plaintiff on March 23, 2018.

Disregarding the citizenship of the California defendants on improper joinder grounds, there is complete diversity of citizenship between Plaintiffs and CertainTeed.

### **NOTICE TO PLAINTIFFS AND SUPERIOR COURT**

With the filing of this Notice of Removal, written notice of this filing will be given to Plaintiffs and a copy of the Notice of Removal will be filed with the Clerk of the Court for the Superior Court of the County of Alameda, California.

WHEREFORE, Defendant requests that Civil Action RG18893674 in the Superior Court of the County of Alameda, California be removed from that court to this Court.

Dated: March 23, 2018          SCHIFF HARDIN LLP

By:     /s/ NEIL LLOYD
       NEIL LLOYD

       Attorney for Defendant
       CERTAINTEED CORPORATION

CASE NO.
106917320\V-1

CERTAINTEED CORPORATION'S NOTICE OF REMOVAL