UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELA D. ESPINOSA, et al., <br><br>    Plaintiffs, <br><br>v. <br><br>CERTAINTEED CORPORATION, et al., <br><br>    Defendants. | Case No. 18-cv-01833-VC <br><br>**ORDER RE MOTION TO REMAND AND MOTION FOR JURISDICTIONAL DISCOVERY** <br><br>Re: Dkt. Nos. 15, 17, 29 |

    The motion to remand is granted, and the motion for jurisdictional discovery is denied. The administrative motion to supplement the record is denied as moot.

    Trista Haggard, one of the four plaintiffs in this wrongful death action, is a California citizen. So are four of the five defendants. Certainteed Corporation, the fifth defendant, has not shown – as it must for this Court to have diversity jurisdiction – that the four other defendants are sham defendants.

    A non-diverse defendant is not considered for purposes of diversity if there is no possibility that the plaintiff can "establish a cause of action against the allegedly non-diverse party." *Calero v. Unisys Corp.*, 271 F. Supp. 2d 1172, 1176 (N.D. Cal. 2003); *see also Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009). During this inquiry, a court can look outside the pleadings to see if there are "discrete and undisputed facts that would preclude plaintiff's recovery against" the non-diverse party. *Hunter*, 582 F.3d at 1044 (quoting *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573-74 (5th Cir. 2004)).

    Under this strict standard, Certainteed has failed to show that – at a minimum – Keenan Properties, Inc. and Sully-Miller Contracting Company are sham defendants. The complaint alleges that Edward Espinosa, Haggard's father, was exposed to asbestos when he was laying asbestos pipes for C.F. Fredrick, Inc. in the late 1970s. Dkt. No. 1-1 at 227, Complaint at 3. It also alleges exposure that Espinosa was exposed to asbestos through his father's work as a

laborer at C.F. Fredrick during the early 1970s.[1]

Certainteed argues that the plaintiffs cannot recover from Keenan, a distributor of asbestos-cement pipes, because Keenan did not distribute asbestos-cement pipe between 1974 and 1982, the years that Espinosa worked C.F. Fredrick, Inc. But Keenan was distributing asbestos-cement pipe to C.F. Fredrick in the early 1970s, when Espinosa's father was working at C.F. Fredrick. Dkt. No. 15-2 at 166, Rivamonte Decl. Ex. P at 10; *see also Kesner v. Superior Court,* 1 Cal. 5th 1132, 1146 (2016).

Certainteed also has not shown that there is no possibility that the plaintiffs can recover from Sully-Miller. Sully-Miller was an installer of asbestos pipes at the same site that Espinosa installed asbestos pipes for C.F. Fredrick in the late 1970s. At Espinosa's deposition in his prior personal injury suit, he admitted that he never saw workers employed by another contractor. Dkt. No. 22-1 at 89, Lloyd Decl. Ex. 17 at 799. But Certainteed does not explain why this fact precludes establishing that Mr. Espinosa was exposed to asbestos by Sully-Miller and its agents. *Cf. Kesner*, 1 Cal. 5th at 1146.

The motion to seek jurisdictional discovery is also denied. Certainteed has not explained why it cannot obtain this discovery in state court. *See, e.g.*, *Ingmanson v. Avon Prod., Inc.*, No. 11-CV-1606-BTM, 2011 WL 5085581, at *2 (S.D. Cal. Oct. 25, 2011); *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 697 (9th Cir. 2005).

The case is ordered remanded to the Alameda County Superior Court. The Clerk of the Court is ordered to close the case.

**IT IS SO ORDERED.**

Dated: June 19, 2018

VINCE CHHABRIA
United States District Judge

---

[1] The parties make reference to the first amended complaint throughout these motions. "However, whether an action should be remanded must be resolved by reference to the complaint at the time the petition for removal was filed." *Calero*, 271 F. Supp. 2d at 1177.